HINDS v. TANANA MINES RY. CO.

(Third Division.  Fairbanks.  July 1, 1907.)

No. 625.

1. PLEADING (§ 362*)—MOTIONS—STRIKING OUT MATTER.

The plaintiff was injured on the defendant's railroad.  A contract of release of damages was entered into, whereby the defendant agreed to furnish plaintiff certain employment in consideration of a waiver of damages.  After a time defendant discharged plaintiff, who brought this action.  *Held*, that the action is on a breach of the contract, and not for damages, and that allegations of wrongful and negligent acts on the part of the defendant in relation to the original injury and matters which go only to the character of the release of damages are irrelevant and immaterial, and should be stricken from the complaint on motion.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 362.*]

Louis K. Pratt, for plaintiff.
E. M. Carr, for defendant.

GUNNISON, District Judge.  This matter comes before the court on defendant's motion to strike from the files the second amended complaint and to dismiss the cause, or, in the event such motion is denied, to strike certain parts of that pleading as designated in the motion.

The motion to strike from the files and for dismissal is made upon the ground that the second amended complaint was filed in total disregard of, and in disobedience to, orders and rulings heretofore made on motions of defendant directed against the original and amended complaints.  It is true that this court has, after examination of authorities cited on argument and in briefs, twice ruled upon the precise question presented by this motion, and has stricken from the former pleadings matter similar to that which plaintiff has again set up in

the second amended complaint now moved against. Upon the face of the record defendant's motion would seem to be well founded. However, in view of the apparently sincere disavowal by plaintiff's counsel of any intention to disobey or disregard the rulings of the court, and for the further reason that if the court erred in its former rulings it should correct its error with as little delay and expense to the parties as possible, this motion to strike from the files and to dismiss will be denied.

Motion to strike certain parts of the second amended complaint raises the same question passed upon heretofore. Plaintiff sues to recover damages for a breach of contract of employment between himself and defendant. He sets out the terms of the contract and the consideration, which he alleges to be his written release in favor of defendant of all claims and right of action arising from a claim of damages for personal injury sustained by him while in the employ of defendant, and the violation by defendant of the terms of that contract. In addition, the complaint recites at length all the facts surrounding the injury received by plaintiff, charges the defendant with negligence as its direct cause, and contains all the other allegations necessary to state a cause of action against defendant for damages for personal injuries. This motion to strike is directed against all the averments of this character in the complaint.

Plainly this is not an action to recover for personal injuries, but for a breach of contract. The gist of the action is the alleged breach by defendant of the contract of employment, and is neither the injury to plaintiff in his person, nor negligence on the part of defendant, which may or may not have been the direct cause thereof. To state a cause of action for breach of contract, the complaint should contain, first, the terms of the contract sued upon; second, the consideration therefor, when, as in this case, the contract itself does not im-

port consideration; and, third, the violation of the terms of the contract by the defendant, and the resulting damage to plaintiff. These matters are contained in the complaint. It also contains those further allegations of wrongful and negligent acts on the part of defendant mentioned above. Plaintiff contends that he must set up these matters in support of the consideration which he alleges. The court cannot agree with counsel in that contention.

Where the consideration is stated in the complaint, it must be truly stated, and that is sufficient. The court will not at this time scrutinize the alleged consideration to see if it be adequate. Bliss on Code Pleading, § 271.

Neither is the character of the release a matter to be considered at this time, beyond the fact that the release is the consideration alleged. Matters which go only to the character of the release are at this time irrelevant and immaterial as to the cause of action sought to be pleaded by plaintiff. Such matter will be stricken from the complaint on motion. Code Civ. Proc. § 75; Bliss, Code Pleading, § 271; Woodward v. O. R. & N. Co., 18 Or. 289, 22 Pac. 1076.

Plaintiff has presented no authorities that in the opinion of the court support his contention, or that lead the court to discern an error in its former rulings on the question. The allegations of the second amended complaint, against which defendant's motion is directed, are in the opinion of the court plainly irrelevant and immaterial to the cause of action attempted to be set up by plaintiff, and should be stricken. In view of the foregoing, terms will be imposed, and plaintiff may take five days in which to amend in conformity herewith.